## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 05-CR-119-CVE |
| | ) |
| **DUSTIN LEROY INGLE,** | ) |
| | ) |
| **Defendant.** | ) |

### OPINION AND ORDER

Now before the Court is Defendant's Motion to Stay Order of Detention Pending Appeal (Dkt. # 14). Defendant, Dustin Ingle, moves, pursuant to Rule 8(a)(1)(A) of the Federal Rules of Appellate Procedure for a stay of the Court's order detaining him pending sentencing[1] while he pursues an appeal of that order before the Tenth Circuit Court of Appeals.

Tenth Circuit Rule 8.1 outlines the showing required for a stay pending appeal.[2] It reads:

**Required Showing**

No application for a stay or an injunction pending appeal will be considered unless the applicant addresses all of the following: . . .

(B) the likelihood of success on appeal;

(C) the threat of irreparable harm if the stay or injunction is not granted;

(D) the absence of harm to opposing parties if the stay or injunction is granted; and

---

[1] The Court ordered defendant detained on the ground that the offense to which he pled guilty – possessing firearms and/or ammunition following conviction of a felony – is a crime of violence for the purposes of the Bail Reform Act, 18 U.S.C. §§ 3141-3156.

[2] Defendant's motion states that he has found no established criteria for the issuance of a stay in a criminal matter. The Court assumes that Rule 8.1 applies to both civil and criminal proceedings, since it makes no distinction between the two.

(E) any risk of harm to the public interest.

10th Cir. R. 8.1(A)-(E). Defendant has not made a sufficient showing under this framework.

For the reasons explained in its Opinion and Order in <u>United States v. Frederick Durrell Green</u>, 414 F. Supp. 2d 1029 (N.D. Okla. 2006), the Court believes that the Tenth Circuit will rule with the Second Circuit that the crime of felon-in-possession is a crime of violence under the definition provided in the Bail Reform Act. As the Court noted in <u>Green</u>, the Tenth Circuit in <u>United States v. Rogers</u>, 371 F.3d 1225 (10th Cir. 2004),[3] relied substantially upon the Second Circuit's opinion in <u>United States v. Dillard</u>, 214 F.3d 88 (2d Cir. 2000), where the Second Circuit held that the crime of felon-in-possession constitutes a crime of violence for the purposes of the Bail Reform Act. <u>Id.</u> at 104. The Tenth Circuit in <u>Rogers</u> cited with approval the manner in which the Second Circuit construed the relevant statutory language and expressly rejected a critical portion of the interpretive analysis provided by appellate courts ruling otherwise. Given the Tenth Circuit's <u>Rogers</u> opinion, the Court does not believe that defendant has a likelihood of success on appeal. Further, defendant has failed to demonstrate that he will be irreparably harmed if the Court declines to enter a stay in this matter pending his appeal of the Court's detention order.

Accordingly, the Court hereby **denies** Defendant's Motion to Stay Order of Detention Pending Appeal (Dkt. # 14).

**IT IS SO ORDERED** this 26th day of April, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] The Tenth Circuit in <u>Rogers</u> held that possession of a firearm while subject to a protective order, in violation of 18 U.S.C. § 922(g)(8), and possession of a firearm following a misdemeanor conviction of domestic violence, in violation of 18 U.S.C. § 922(g)(9), constitute crimes of violence under the terms of the Bail Reform Act. 371 F.3d at 1232.